TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6268
jessica.oliva@usdoj.gov

LORINDA LARYEA
Chief, Fraud Section
CHRISTOPHER WENGER
SHANE BUTLAND
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 445-9670
christopher.wenger@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00179-RFB-BNW |
| Plaintiff, | **STIPULATION FOR ORDER FINDING LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND FOR PROTECTIVE ORDER** |
| v. | |
| PAULINO GONZALEZ, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel for the Government and undersigned counsel for Defendant Paulino Gonzalez, that

1

Gonzalez has waived attorney-client privilege with respect to communications (written and verbal) between Gonzalez and Gonzalez's former counsel, Michael Pariente, with respect to the allegations made about Attorney Pariente in Gonzalez's Motion to Withdraw Guilty Plea and Set Aside Waiver of Indictment ('the Motion") (ECF No. 29) and Declaration of Paulino Gonzalez in Support of Motion to Withdraw Guilty Plea (ECF No. 29-1).

This waiver is appropriate and necessary because Gonzalez, through the Motion, has placed into issue certain aspects of Gonzalez's attorney-client relationship with Attorney Pariente. *Id*. The Government cannot adequately and intelligently respond to Gonzalez's motion to withdraw his guilty plea and the relief he seeks without access to the legal advice Gonzalez received regarding the issues placed into dispute.

In support of this stipulation, the parties submit the attached Waiver of Attorney-Client Privilege, signed by Gonzalez. Exhibit A.

**WHEREFORE** the parties respectfully stipulate and request the Court **ORDER** that Gonzalez has waived attorney-client privilege as to any and all communications (written and verbal) between Gonzalez and Pariente regarding:

1) Gonzalez's status as a witness, subject, or target;

2) Proffering and cooperating with the Government;

3) Attorney Pariente's opinion regarding the legal sufficiency of information provided by Gonzalez to the Government in interviews, proffers, and documents to prove any criminal violation against Gonzalez beyond a reasonable doubt;

4) The expectation that cooperation would require pleading guilty to a crime;

5) Any offenses discussed with Attorney Pariente and Gonzalez's understanding of those offenses and their elements;

6) Attorney Pariente's opinion regarding the import of any evidence and

2

information presented by the Government to Gonzalez and/or Attorney Pariente, during a reverse proffer or otherwise, in proving any criminal violation against Gonzalez beyond a reasonable doubt;

7) The decision whether to seek or request additional evidence or discovery from the Government;

8) Plea negotiations and plea offers;

9) Gonzalez's decision to plead guilty and to enter into a plea agreement, including Attorney Pariente's impression of Gonzalez's understanding of the consequences of doing so; and

10) Gonzalez's potential sentence, sentencing guidelines, loss amount, and the collateral consequences of entering a guilty plea.

The parties stipulate and request that the Court **FURTHER ORDER** Attorney Pariente to disclose all information subject to this waiver to the Government and Gonzalez's current counsel, including previously confidential attorney-client communications and documents.  Attorney Pariente is also authorized to share previously confidential attorney-client communications during interviews with the Government or with counsel for Gonzalez, in sworn declarations, and in testimony during an evidentiary hearing, if necessary.

The parties stipulate and request that the Court **FURTHER ORDER** both parties to produce to each other notes or memoranda of interview should Attorney Pariente agree to be interviewed by either party.

The parties stipulate and request that the Court **FURTHER ORDER** Gonzalez to disclose to the Government all documents, communications, and recordings in his possession that are subject to this waiver.

The parties stipulate and request that the Court **FURTHER ORDER** that all

responsive information provided by Gonzalez and Attorney Pariente to the Government pursuant to this Order shall be subject to a protective order prohibiting the Government from using the responsive information for any purpose other than litigating the motion to withdraw Gonzalez's guilty plea, and that the United States Attorney's Office for the District of Nevada, the Fraud Section of the United States Department of Justice, and the federal agents that have investigated this case shall not disseminate the responsive information to any other persons or offices, unless compelled by a Court to do so.

**DATED** this 20th day of May 2026.

BY: /s/ Miranda Kane
MIRANDA KANE
CONRAD | METLITZKY | KANE
LLP
Counsel for Paulino Gonzalez

TODD BLANCHE
Acting Attorney General of the United States

BY: /s/ Jessica Oliva
JESSICA OLIVA
Assistant United States Attorney
Counsel for the United States

BY: /s/ Jordan Dickson
JORDAN DICKSON
CONRAD | METLITZKY | KANE
LLP
Counsel for Paulino Gonzalez

LORINDA LARYEA
Chief, Fraud Section
U.S. Department of Justice, Criminal
Division

BY: /s/ Christopher Wenger
CHRISTOPHER WENGER
Trial Attorney
Counsel for the United States

**IT IS SO ORDERED.** Dated 5/20/2026

_____
HON. RICHARD F. BOULWARE II
UNITED STATES DISTRICT JUDGE