TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6268
jessica.oliva@usdoj.gov

COLIN N. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division
CHRISTOPHER WENGER
SHANE BUTLAND
Trial Attorneys
U.S. Department of Justice
Health Care Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 445-9670
christopher.wenger@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULINO GONZALEZ,<br><br>Defendant. | Case No. 2:25-cr-00179-RFB-BNW<br><br>**Motion to Continue Evidentiary Hearing on Defendant's Motion to Withdraw Guilty Plea and Set Aside Waiver of Indictment [ECF No. 29]** |

The evidentiary hearing on Defendant's Motion to Withdraw Guilty Plea and Set Aside Waiver of Indictment (ECF No. 29; the "Motion") is scheduled for September 10, 2026. The government respectively requests that the evidentiary hearing be continued to a

date and time convenient to the Court in November 2026. The government requests a continuance because Defendant's prior counsel, whom the government anticipates calling as a witness at the evidentiary hearing, will be traveling outside of the country on September 10, 2026 and will not return until approximately mid-October 2026. The government conferred with defense counsel about the proposed continuance, and Defendant opposes continuing the evidentiary hearing. The government anticipates the evidentiary hearing will last approximately four hours.

## FACTUAL BACKGROUND

In support of this motion, the government states as follows:

1. On April 29, 2026, Defendant filed the Motion, alleging that prior counsel provided ineffective assistance. ECF No. 29. In his Motion, Defendant claimed that prior counsel's ineffective assistance infected nearly every aspect of his case, ranging from his decision to proffer, to negotiate a plea, to enter a plea agreement, and to plead guilty, and that prior counsel's allegedly bad legal advice marred Defendant's understanding of the offense elements, the evidence against him, his negotiated plea agreement, and his potential sentence, among other subjects. *Id.*

2. On May 13, 2026, the parties filed a stipulation to continue the government's response deadline by four weeks and to continue Defendant's reply deadline from one week to two weeks after the government's response to allow the parties to obtain an order from the Court delineating the scope of Defendant's privilege waiver and providing for counsel to obtain this information, subject to a protective order. ECF No. 30. The Court granted the parties' stipulation and extended the response and reply deadlines to June 10 and June 24, 2026, respectively, and set a hearing for June 26, 2026. ECF No. 31.

3. On May 20, 2026, the parties filed a stipulation seeking an order delineating

the scope of Defendant's privilege waiver and ordering prior counsel to disclose certain materials to the government and current defense counsel, subject to a protective order. ECF No. 33. The Court granted this order. ECF No. 34.

4. On June 4, 2026, the parties filed a stipulation to continue the response and reply deadlines by four weeks to allow counsel for the government to obtain from prior counsel the materials ordered to be disclosed by ECF No. 34. ECF No. 35. The Court granted this order. ECF No. 36.

5. On July 6, 2026, the parties filed a stipulation to continue the response and reply deadlines by approximately two weeks because prior counsel had not finished his declaration in response to the allegations that Defendant raised in his Motion and because the government needed to receive and review prior counsel's declaration before responding to the Motion. ECF No. 39. The Court granted this order and extended the response and reply deadlines to July 24 and August 7, 2026, respectively, and set an evidentiary hearing for September 10, 2026. ECF No. 42.

6. On July 17, 2026, prior counsel provided his declaration to the government. *See* ECF No. 43, Ex. 1.

7. One week later, on July 24, 2026, the government filed its response in opposition to the Motion. ECF No. 43.

8. On July 25, 2026, the government produced reports of interviews conducted with prior counsel to Defendant, including a report in which prior counsel indicated that he would be out of the country in September 2026.

9. On August 7, 2026, Defendant filed his reply to the government's response. ECF No. 47.

10. On August 19, 2026, the government contacted the Court's Courtroom

Administrator, via an email copying Defendant's counsel, to clarify whether the Court set the September 10, 2026 hearing as an evidentiary hearing or whether it was only for oral argument. In that same email, the government notified the Courtroom Administrator that Defendant's prior counsel would be out of the country on September 10, 2026. In response, the Courtroom Administrator informed the parties that the hearing was "the parties opportunity to present evidence related to the motion, so you definitely want to plan on this being an evidentiary hearing." The Courtroom Administrator also noted that approximately five hours had been blocked out on the Court's schedule for the evidentiary hearing.

11. On August 25, 2026, the parties conferred regarding the government's request to continue the evidentiary hearing because prior counsel would be out of the country on September 10, 2026.

12. On August 27, 2026, defense counsel informed the government that the defendant opposes continuing the evidentiary hearing.

## ARGUMENT

Courts often analyze these factors when determining whether to grant a continuance: (1) the requesting party's diligence in preparing its case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the opposing party; and (4) the prejudice to the opposing party. *See, e.g., United States v. Meji*a, 69 F.3d 309 (9th Cir. 1995). Here, the factors all weigh in favor of a continuance.

First, the government has acted with diligence in connection with the Motion. Although the parties have filed several stipulations to continue the deadlines associated with the Motion, those were not the result of a lack of diligence on the government's part. Instead, the prior continuances were the result of the parties negotiating the scope of

Defendant's privilege waiver, so that the government could obtain information from prior counsel necessary to respond to Defendant's Motion, and resulted from the government's need to obtain prior counsel's declaration before responding to the Motion. ECF No. 30, 33, 35, & 39. In fact, the government filed its response to the Motion only one week after receiving prior counsel's declaration, illustrating its diligence. ECF No. 43. The need for a continuance is not due to a lack of diligence but arises instead because the only witness to the issues in dispute, besides the Defendant, will be out of the country on the current hearing date.

Second, a continuance is highly likely to serve a useful purpose here. Through his Motion and supporting declaration, Defendant makes sweeping ineffective assistance allegations against prior counsel. ECF No. 29 & 29-1. For his part, prior counsel denies these allegations. ECF No. 43, Ex. 1. Resolution of Defendant's Motion will necessarily hinge on the Court's consideration of disputed facts and an assessment of Defendant's credibility versus that of prior counsel. Under these circumstances, the availability of prior counsel to testify at an evidentiary hearing is not only useful but is necessary.[1]

Indeed, the Court has previously recognized the importance of a prior counsel's testimony at an evidentiary hearing on a motion to withdraw a plea based on allegations of ineffective assistance. In *United States v. Lanier*, the Court observed:

> As you know, the Ninth Circuit has asked Courts to make an evidentiary record when it decides these motions, particularly if it's going to deny a motion to withdraw to do that. I'm not saying I'm going to do that, but in a recent Ninth Circuit case, right, the Court was very clear about the fact that in order for a Court to decide when there are contested matters, it's important for the Court to have an

---

[1] Counsel for Defendant asked the government whether it will call prior counsel as a witness at the evidentiary hearing. As was communicated to defense counsel, although the government intends to call prior counsel as a witness, the government reserves the right to make that decision based on the evidence Defendant presents at the hearing because Defendant bears the burden of establishing that withdrawal of his guilty plea is warranted.

evidentiary record. And that's why I have asked [prior counsel] to be here.

2:19-cr-327-RFB-DJA (August 6, 2024) (Transcript of Hearing, ECF No. 396 at 6); *see also United States v McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008) (remanding for district court to hold evidentiary hearing regarding the defendant's motion to withdraw plea because prior counsel's declaration "lacks the clarity and precision that would enable us to conclude that [the defendant] was property and adequately advised.").

The same is true in this case. "There can be no doubt that seeing a witness testify live assists the finder of fact in evaluating the witness's credibility." *Mejia*, 69 F.3d at 315. "The purpose of requiring an evidentiary hearing, rather than permitting a decision to be based solely on written declarations, is to ensure that the district judge is presented with the information necessary to evaluate the truthfulness of the declarants." *Id.* at 318. Given the importance of credibility in assessing Defendant's extensive allegations, prior counsel's testimony, including being subject to cross-examination by Defendant, would undoubtedly serve a useful purpose.

Third, there is no indication that a continuance would inconvenience the Defendant. Defendant has agreed to all continuances up until this point, without raising any inconvenience concerns. While the government understands Defendant's desire for finality, the government is not aware of any inconvenience that Defendant would suffer from continuing the hearing to a date when prior counsel is back in the country and the Court and the parties are available.[2]

---

[2] The government requests a continuance until November 2026 for the following reasons: (1) the government understands that the Court has a trial beginning on October 5, 2026 that is expected to last approximately 10 days; (2) former counsel will not be available until mid-October; and (3) counsel for the government has a trial in the District of Maryland set for October 13, 2026 that may last until October 30, 2026.

Finally, Defendant will not be prejudiced by a continuance. Defendant is not in custody. As stated, Defendant has stipulated to prior continuances, which undercuts any notion that further delay will prejudice him.

## CONCLUSION

For the reasons stated above, the government respectfully requests the Court to continue the evidentiary hearing set for September 10, 2026 to a date and time convenient to the Court in November 2026, and to set that hearing for approximately four hours.

**DATED** this 28th day of August, 2026.

Respectfully submitted,

TODD BLANCHE
Attorney General of the United States

BY: */s/ Jessica Oliva*
JESSICA OLIVA
Assistant United States Attorney
Counsel for the United States

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

BY: */s/ Christopher Wenger*
CHRISTOPHER WENGER
SHANE BUTLAND
Trial Attorneys
Health Care Fraud Section
Counsel for the United States