GREGORY A. BROWER, ESQ.
Nevada Bar No. 5232
gbrower@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

MIRANDA KANE *(pro hac vice)*
California Bar No. 150630
mkane@conmetkane.com
JORDAN DICKSON *(pro hac vice)*
California Bar No. 324406
jdickson@conmetkane.com
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, California 94111
Telephone: 415.343.7100
Facsimile: 415.343.7101

Attorneys for PAULINO GONZALEZ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

PAULINO GONZALEZ,

Defendant.

CASE NO. 2:25-cr-00179-RFB-BNW

**OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE SEPTEMBER 10, 2026 HEARING**

## I. INTRODUCTION

Almost a year after Mr. Gonzalez first advised the government of his intention to move to withdraw his guilty plea, including multiple stipulated continuances urged by the government – either in an effort to convince Mr. Gonzalez not to move forward with the motion or to accommodate former counsel's slow response to discovery requests – the government now seeks a fourth continuance, again citing former counsel's unavailability. Mr. Gonzalez opposes this request.

Mr. Gonzalez bears the burden of establishing that it is fair and just to grant his motion to withdraw his plea. Mr. Gonzalez has advised the government that he believes the factual record that has already been developed in the parties' voluminous briefing and supporting declarations is sufficient to meet its burden. Notably, the critical factual issue is undisputed. In a recorded conversation, Mr. Gonzalez's former counsel gave wrong legal advice regarding the elements of the offenses at issue. Former counsel concedes as much in his declaration. Mr. Gonzalez is prepared to argue the legal significance of this error at the September 10, 2026 hearing without calling any witnesses.

Although the government had not previously indicated its desire for an evidentiary hearing as required under the Local Rules, Mr. Gonzalez acknowledges that the government may be entitled to call witnesses if it believes that Mr. Gonzalez has successfully met his burden. Even then, the decision to grant a request for further testimony lies in the discretion of the Court. Here, the government has had ample time to present its best case. The government has offered no compelling reason why former counsel's live testimony is needed to augment the record. Nor has the government explained why it agreed to a date when former counsel was unavailable when it knew of former counsel's planned absence before the motion hearing date was set.

To date, Mr. Gonzalez has agreed to every continuance requested by the government. These protracted proceedings have taken a significant toll. Mr. Gonzalez is ready to move forward with the hearing as scheduled. The government's motion to continue should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Gonzalez largely agrees with the government's recitation of the procedural events leading to this motion; however, there are a few notable omissions in its account. First, the government was aware that former counsel had a planned trip out of the country in September 2026 by at least June 5, 2026.

*See* **Ex. A** at 5, Office of Inspector General Report of Interview ("[Prior Counsel] will be out of the country on a trip of a lifetime in late August through most of September, 2026.").[1] The Court set the September 10, 2026 "Motion Hearing" on July 8, 2026, and the docket entry does not indicate an evidentiary hearing. *See* ECF No. 42. The government did not inform undersigned counsel that that former counsel was unavailable on September 10, 2026, nor did the government seek to move the date to accommodate former counsel's travel. Kane Decl. ¶ 4. In fact, it was undersigned counsel who suggested to the government during a meet and confer on August 5, 2026, that the parties should inquire with the courtroom deputy to determine if the Court wanted to hear testimony at the motion hearing. *Id.* ¶ 5. During that discussion, the government noted that former counsel was not available on September 10, 2026, but did not indicate its independent intention to call him at the hearing. *Id.* On August 20, 2026, in response to government counsel's email the previous day seeking clarity regarding the Court's expectations for the September 10, 2026 hearing, the courtroom deputy advised: "This is the parties opportunity to present all evidence related to the motion, so you definitely want to plan on this being an evidentiary hearing." *See* **Ex. B** at 1. Undersigned counsel understood the courtroom deputy's response to mean that there would not be a later opportunity to present evidence, so the parties should be prepared with any witness they wished to present. Kane Decl. ¶ 6. Nothing in the courtroom deputy's response indicated to undersigned counsel that the Court was affirmatively requiring or even *requesting* that witnesses be present at the hearing. *Id.*

During the parties' virtual meet and confer on August 25, 2026, undersigned counsel advised that Mr. Gonzalez did not intend to call witnesses at the hearing and questioned why the government needed a continuance under those circumstances. *Id.* ¶ 8. The government advised that it wanted to have the "opportunity" to call former counsel as a witness, but that it had not yet decided whether to call him. *Id.*

The courtroom deputy's August 20, 2026 email to the parties also provided information regarding the Court's availability if the hearing was continued and asked the parties to estimate the anticipated length of the hearing. *Id.* ¶ 7; *see* **Ex. B** at 1. After conferring and comparing calendars, the parties determined that the earliest mutually convenient date after September 10, 2026, was the first week of November, and the next, the first week of December. Kane Decl. ¶ 9.

[1] The government correctly notes that it did not provide these memoranda of interview to Mr. Gonzalez until July 25, 2026.

Finally, Mr. Gonzalez's reply brief did not include new or supplemental declarations that the government did not have an opportunity to address in its opposition.

## III. ARGUMENT

The Court should deny the government's motion to continue. In determining the propriety of a request to continue, courts consider four factors: (1) diligence of the requesting party, (2) usefulness of the continuance to addressing the issue at hand, (3) inconvenience to the court and opposing party, and (4) any prejudice that would flow to the opposing party by granting the continuance. *See United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995) (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675). Here, each factor weighs against granting the government's request to continue.

### A. The Government has not Shown Diligence

The government failed to alert the Court that (1) it sought an evidentiary hearing, and (2) that prior counsel was unavailable for such a hearing in September 2026. Local Rule 78-1 requires a party seeking a hearing on a motion to indicate that it wants one. The government did not do this in its opposition to Mr. Gonzalez's motion to withdraw, nor did it do so when the Court set the hearing on a date when former counsel was unavailable. *See* ECF Nos. 42, 43. The government conveniently omits from its motion to continue that it knew by June 5, 2026, that Mr. Gonzalez's prior counsel would be out of the country and unavailable for a hearing in September 2026. *See* **Ex. A** at 5. This means the government knew about prior counsel's unavailability for a September hearing prior to its third request to continue the response deadlines (filed on July 6, 2026) and prior to its filing of its opposition (filed on July 24, 2026). *See* ECF Nos. 39, 43. If the government had acted diligently, it would have alerted the Court from the outset that it sought an evidentiary hearing on this matter and that its potential witness was unavailable in September 2026. It did neither.

Furthermore, the government concedes that it has not yet determined whether to call former counsel at all. Its equivocation makes no sense. The government claims it is "reserv[ing] the right to make that decision based on the evidence the Defendant presents at the hearing." ECF No. 48 at 5, n.1. But Mr. Gonzalez has already eliminated the suspense: he does not intend to call any witnesses at the hearing. Mr. Gonzalez advised the government of his decision on August 25, 2026. The government knows the

state of the evidentiary record and that the burden lies on Mr. Gonzalez. The government should not be allowed to obtain a continuance over Mr. Gonzalez's objection on the off chance it *may* choose to present the testimony of the witness upon which the request is based. No doubt the government is hesitant to articulate what underlies its request, that Mr. Gonzalez has successfully met his burden and that the government fears it cannot prevail without offering additional evidence.

**B. The Continuance will not be Useful to the Court's Determination of the Issues**

The Court does not need to weigh the testimony of Mr. Gonzalez's prior counsel to determine the pertinent issues before it. As the government acknowledges in its opposition to the motion to withdraw, to decide whether it is fair and just for Mr. Gonzalez to withdraw his plea, the Court must only decide: (1) whether the advice Mr. Gonzalez received was erroneous and (2) whether proper advice could have at least plausibly motivated a reasonable person to have not pled guilty. *See* ECF No. 43 at 17. While both sides presented many more facts related to the attorney-client relationship, it is simply inaccurate to insist that Mr. Gonzalez has claimed that "ineffective assistance of counsel has infected nearly every aspect of his case." ECF No. 48 at 2. The government exaggerates the narrow issue that Mr. Gonzalez has placed before the Court in an effort to create a credibility issue where none exists. Mr. Gonzalez has only moved to withdraw his guilty plea. He has not made an ineffective assistance of counsel motion. The distinction is important because it is not necessary for the Court to make a credibility finding between Mr. Gonzalez and his former counsel in order to rule on the instant motion. The two are wholly aligned with respect to the only fact that matters: former counsel made a mistake and his explanation about the government's burden as set forth in the plea agreement was not a correct description of the law. Their alignment is also confirmed by the transcript of the audio recording and former counsel's Declaration.[2] *See* ECF No. 43, Ex. 1 at ¶ 14 ("Standing alone, my first recorded remark was not a precise statement of the law: the government cannot obtain a conviction merely by proving that money entered a defendant's bank account, because it must also prove that the defendant received the money knowingly and willfully. Read in isolation, that sentence was incomplete."). Thus, it is legally unsound to argue as the government does that resolution of the motion to withdraw guilty plea "will necessarily hinge on the Court's

[2] As Mr. Gonzalez offered in his motion to withdraw guilty plea, should the Court wish to listen to the recording rather than review the transcript, Mr. Gonzalez is more than willing to provide a copy to the Court.

consideration of disputed facts and an assessment of Defendant's credibility versus that of prior counsel." *See* ECF No. 48 at 5. The Court has the information it needs to make an objective determination of whether a reasonable person could have plausibly decided not to plead guilty had he received correct advice.

The cases cited by the government to support its usefulness argument are inapposite. The government first cites the Court's own words from *United States v. Lanier*, No. 19-cr-327 (D. Nev.) back at it, but ignores the plain factual distinctions between this case and that one—namely (1) the Court requested prior counsel's presence at the evidentiary hearing in *Lanier*, something it has not done here; (2) the issues in *Lanier* were broad claims of ineffective assistance, rather than a specific instance of erroneous legal advice; and (3) the pertinent conversations in *Lanier* were not recorded, contrary to the circumstances in this case. *See generally United States v. Lanier*, No. 19-cr-327, ECF No. 325 (D. Nev. May 30, 2024). Likewise, the holding in *United States v. McTiernan*, 546 F.3d 1160 (9th Cir. 2008), is unavailing and self-defeating. In *McTiernan*, the Ninth Circuit noted that prior counsel's declaration "did not assert that he reviewed the specific statutory grounds that might support suppression"—the predicate issue for the motion to withdraw guilty plea. *Id*. at 1168. The court concluded the Declaration "lack[ed] the clarity and precision that would enable us to conclude that McTiernan was properly and adequately advised." *Id*. Strangely, by invoking *McTiernan* the government seems to concede that the declaration of prior counsel it chose to submit in support of its motion – after obtaining several continuances to adequately develop its factual record – still lacks precision and clarity. Whether or not the government now has misgivings about its quality, former counsel's declaration definitively eliminates the central factual dispute and therefore obviates the usefulness of a hearing to resolve a non-existent credibility contest.

### C. The Continuance will be Inconvenient for the Court and Mr. Gonzalez

The Court and Mr. Gonzalez will both be inconvenienced by the requested continuance. As the government acknowledges, taking into account the Court's schedule, prior counsel's schedule, undersigned counsel and the government's schedule, this matter will likely have to be reset in November, or even December 2026. *See* ECF No. 48 at 6 n.2. The Court has already set aside time for this matter and will have to reshuffle what is undoubtedly a busy calendar to accommodate the government, here. For Mr. Gonzalez's sake, his mother has already purchased plane tickets to travel from Colorado Springs to

attend the September 10, 2026 hearing to support Mr. Gonzalez. Kane Decl. ¶ 10. It may prove challenging for Mr. Gonzalez to have his support system present for him at whatever new date on which the hearing is set in the future. At a minimum, his mother will have to change plans that are already in place. That inconvenience is real and tangible for a person facing such a momentous event. This factor weighs against the government's requested continuance.

### D. The Continuance is Unfair to Mr. Gonzalez.

The government's claim that there is no prejudice here because Mr. Gonzalez is not in custody, ECF No. 48 at 7, is redolent of a lack of recognition for the real-world burden on a defendant by virtue of being under indictment. That is particularly true in this case because Mr. Gonzalez currently does not know if he should be mounting a defense or preparing for sentencing. In accommodating the government's previous continuance requests, Mr. Gonzalez has waited months for this hearing, the resolution of which will have lasting consequences. Mr. Gonzalez has been living in this uncomfortable limbo for over a year since his guilty plea. One way or the other, Mr. Gonzalez wants this case to move forward so that he can inch closer to a life not mired by allegations of criminality. Mr. Gonzalez is prejudiced by any further delay of this matter, regardless of the Court's ultimate decision. This factor weighs against the government's requested continuance.

## IV. CONCLUSION

For all these reasons, Mr. Gonzalez respectfully opposes the government's motion for a further continuance and asks that the September 10, 2026 hearing date remain.[3]

DATED: September 1, 2026

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

*/s/ Miranda Kane*
MIRANDA KANE
JORDAN DICKSON
Attorneys for Paulino Gonzalez

[3] If the Court is inclined to grant the motion over defense objection there are a number of dates when undersigned counsel is unavailable: September 14–18, September 21, October 1, October 19–23, October 26–27, November 6, and November 16–24, 2026.