GREGORY A. BROWER, ESQ.
Nevada Bar No. 5232
gbrower@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

MIRANDA KANE *(pro hac vice)*
California Bar No. 150630
mkane@conmetkane.com
JORDAN DICKSON *(pro hac vice)*
California Bar No. 324406
jdickson@conmetkane.com
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, California 94111
Telephone: 415.343.7100
Facsimile: 415.343.7101

Attorneys for PAULINO GONZALEZ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULINO GONZALEZ,<br><br>Defendant. | CASE NO. 2:25-cr-00179-RFB-BNW<br><br>**DECLARATION OF MIRANDA KANE IN SUPPORT OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO CONTINUE SEPTEMBER 10, 2026 HEARING** |

**DECLARATION OF MIRANDA KANE**

I, Miranda Kane, declare:

1. I am a Partner at the law firm of Conrad | Metlitzky | Kane LLP, as well as counsel of record for Defendant Paulino Gonzalez. I am an attorney in good standing to practice in the State of California and have been admitted pro hac vice before the United States District Court for the District of Nevada. I have personal knowledge of the matters stated herein and if called upon would testify competently thereto.

2. Attached as **Exhibit A** is a true and correct copy of an Office of Inspector General Report of Interview memorializing the prosecution team's June 5, 2026 virtual meeting with Mr. Gonzalez's prior counsel. The government produced this document to the defense on July 25, 2026.

3. Attached as **Exhibit B** is a true and correct copy of an August 19–20, 2026 email exchange between undersigned counsel, counsel for the government, and the courtroom deputy for Judge Boulware.

4. On July 8, 2026, the Court set the hearing on Mr. Gonzalez's motion to withdraw his guilty plea for September 10, 2026. At no time before the Court set that date did the government expressly seek an evidentiary hearing, advise undersigned counsel or the Court that Mr. Gonzalez's prior counsel would be out of the country and unavailable in September 2026, request that the hearing be rescheduled to accommodate prior counsel's travel, or otherwise ask the Court to move the September 10, 2026. Nor did the government do so for more than six weeks afterward, until August 19, 2026, when the government informed the Court that prior counsel would be out of the country on September 10, 2026.

5. On August 5, 2026, I participated in a meet and confer with counsel for the government. During that discussion, I suggested that the parties inquire of the courtroom deputy whether the Court wished to hear testimony at the September 10, 2026 hearing. The government noted that former counsel was not available on September 10, 2026, but did not state during that discussion that it independently intended to call prior counsel, or any other witness, at the hearing.

6. On August 19, 2026, the courtroom deputy responded by email to the parties' inquiry about the Court's expectations regarding the September 10, 2026 hearing. Based on that response, I understood that the September 10, 2026 hearing would be the parties' only opportunity to present evidence, and that each party should therefore be prepared to present any witness it wished the Court to hear. Nothing in the

courtroom deputy's response indicated to me that the Court was affirmatively requiring, or even requesting, that any witness be present at the hearing.

7. The courtroom deputy's August 20, 2026 email also provided information regarding the Court's availability in the event the hearing were continued, and asked the parties to provide an estimate of the anticipated length of the hearing.

8. On August 25, 2026, I participated in a virtual meet and confer with counsel for the government. During that meeting, I advised the government that Mr. Gonzalez did not intend to call any witnesses at the September 10, 2026 hearing, and I asked why a continuance was necessary under those circumstances. Government counsel responded that it wanted the "opportunity" to call Mr. Gonzalez's prior counsel as a witness, but that it had not yet decided whether it would do so.

9. During the same August 25, 2026 meet and confer, the parties compared their respective calendars against the Court's stated availability. Based on that comparison, the earliest mutually convenient date after September 10, 2026 was the first week of November 2026, and the next mutually convenient date was the first week of December 2026.

10. I am informed by Mr. Gonzalez that his mother has already purchased plane tickets to travel from Colorado Springs to attend the September 10, 2026 hearing in Las Vegas, and that she will have to change or cancel those arrangements if the hearing is continued.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 1, 2026 in San Francisco, California.

MIRANDA KANE